IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 26, 2006 Session

## IN THE ESTATE OF: SPENCER BROWN

**Appeal from the Circuit Court for Dickson County**
**No. CV1290     Allen W. Wallace, Judge**

**No. M2005-00864-COA-R3-CV - Filed on October 27, 2006**

Four years after the contest of his uncle's will was filed, Alton Brown filed a Tenn. R. Civ. P. 24 Motion to Intervene in the contest of his uncle's will.  The motion, however, was not accompanied by a proposed pleading setting forth the claim for which intervention was sought as required by Rule 24.03.  Subsequent to the filing of the motion, an order of dismissal of the will contest was entered.  Thereafter, the movant filed his proposed pleading following which the trial court denied the Motion to Intervene based upon a finding the movant had slept on his rights.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which JERRY SCOTT, SR. J., joined. WILLIAM C. KOCH, JR., P.J., M.S., filed a dissenting opinion.

David D. Wolfe, Dickson, Tennessee, for the appellant, Alton E. Brown.

Ernest W. Williams and John D. Schwalb, Franklin, Tennessee, for the appellee, Allene Dunnagan.

Connie Reguli, Brentwood, Tennessee, for the appellee, Don Brown.

### OPINION

Spencer Brown died in February of 2000, leaving a will that he executed approximately ten days before his death.  In this will, he left his estate, which included his farm, to Allene Dunnagan, and he left the remainder to be divided equally among his seven nieces and nephews.

One of Spencer Brown's nephews, Don Brown filed a will contest on April 19, 2000.  Don Brown challenged his uncle's 2000 will alleging that Allene Dunnagan exerted undue influence over his uncle to persuade him to execute the new will, which differed significantly from a will that had been executed in July of 1994.  The most notable difference was that pursuant to the prior will, Spencer Brown's farm was to go to Don Brown and Alton Brown, not Allene Dunnagan.

Don Brown's contest of his uncle's will went to trial by jury in November of 2000. At the conclusion of Brown's proof, the trial court directed a verdict in favor of Allene Dunnagan, dismissing the will contest. Don Brown appealed that decision. In July of 2003, the Court of Appeals reversed the dismissal of the will contest and remanded the issue for trial on the question of undue influence.

On remand, Don Brown sought to amend his Complaint to implead the other heirs, including Alton Brown. Alton Brown, however, objected to being added as a party to this will contest. The trial court denied the Motion to Implead Alton Brown and the others. As a consequence, Don Brown and Allene Dunnagan remained the only parties to the will contest. Thereafter, Don Brown filed a Motion for Court-Ordered Mediation, and subsequently, the parties reached a settlement and compromise of the will contest.

In the interim, which was just one month after Don Brown sought to implead Alton Brown into the will contest, Alton Brown filed a Motion to Intervene in the will contest. Although Alton Brown filed the motion, he failed to accompany it with a proposed pleading as required by Tenn. R. Civ. P. 24. While the Motion to Intervene was pending, Don Brown and Allene Dunnagan submitted to the court a proposed order to dismiss the will contest, which the trial court signed. The order dismissing the will contest was filed on December 29, 2004. All the while, Alton Brown's Motion to Intervene was pending. The hearing on the Motion to Intervene, which was originally set for November of 2004, was reset for January of 2005.

The hearing on Alton Brown's Motion to Intervene was conducted on January 28, 2005, after the will contest had been dismissed. It was not until the date of the hearing on the Motion to Intervene that Alton Brown filed a proposed Intervening Petition as required by Tenn. R. Civ. P. 24.03. Following the hearing on the motion, the trial court denied the motion, from which ruling Alton Brown appeals.

## ANALYSIS

Alton Brown contends the trial court erred by denying his Motion to Intervene in the will contest initiated by his brother.[1]  A person seeking to intervene must file a Motion to Intervene, which "shall state the grounds therefore and shall be accompanied by a pleading setting forth the

---

[1]In his Notice of Appeal, Alton Brown appealed the denial of his Motion to Set Aside the Order of Dismissal in addition to the denial of his Motion to Intervene. He did not, however, address that issue in his brief. In addition to other requirements, an appellant is to provide in his brief a statement of the issues, a statement of the relevant facts and an argument setting forth the contentions of the appellant with respect to the issues presented, and the reasons why the contentions require appellate relief, along with citations to the authorities and appropriate references to the record. Tenn. R. App. P. 27(a). Although an issue may have been designated in the notice of appeal, "a party's failure to brief it ordinarily constitutes waiver or abandonment of the issue." *Mosby v. Colson*, No. W2006-00490-COA-R3-CV, 2006 WL 2354763, at *10 (Tenn. Ct. App. August 14, 2006)(other citations omitted). Alton Brown failed to comply with Rule 27(a) as to the denial of his Motion to Set Aside the Order of Dismissal. Therefore, we will limit our review to the issue properly briefed, that being the propriety of the trial court's decision to deny the Motion to Intervene.

claim or defense for which intervention is sought." Tenn. R. Civ. P. 24.03. Where the Motion to Intervene is an intervention as of right, the standard by which this court reviews the trial court's decision is "de novo, except for the timeliness of the application which is reviewed under an abuse of discretion standard." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).

The trial court denied Alton Brown's Motion to Intervene upon a finding it was not timely, that he "slept on his rights for a long time."[2] Because the denial of the motion was due to timeliness, we will examine the issue pursuant to the abuse of discretion standard. *See Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 191. "An abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable." *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 191 (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996); *State v. Carter*, 890 S.W.2d 449, 454 (Tenn. Crim. App. 1994)).

Our review of the record tells us the trial court did not abuse it discretion by denying Alton Brown's less than timely and incomplete Motion to Intervene. Alton Brown had been aware of the will contest ever since his brother, Don Brown, commenced the action in April of 2000. Prior to the first trial, Don Brown filed an unsuccessful Motion to Implead the other heirs, including Alton Brown. After having the will contest dismissed at trial in November of 2000, Don Brown appealed. This Court reversed the dismissal of the will contest and remanded the case for trial on the question of undue influence. *See In re Estate of Spencer Brown*, No. M2002-00141-COA-R3-CV, 2003 WL 2170508 (Tenn. Ct. App. July 24, 2003). Upon remand to the trial court, Don Brown again filed a Motion for Leave of Court to Implead Parties and Amend the Petition, in which he sought to add Alton Brown and others as parties to the will contest. Alton Brown opposed his brother's attempt to implead him into the will contest. After the trial court denied the Motion to Implead, Don Brown sought to mediate and a settlement was reached. Although Alton Brown had previously resisted his brother's efforts to force him to join the litigation, a month after Don Brown requested mediation, Alton Brown decided it was time to intervene as a party in the will contest, however, he failed to follow the proper procedure. While the incomplete Motion to Intervene was pending, the trial court signed the order dismissing the will contest. That occurred on December 29, 2004. Yet another month goes by before Alton Brown complies with Tenn. R. Civ. P. 24.03 by submitting a proposed pleading setting forth the reasons for seeking intervention. Moreover, the proposed pleading was not filed until January 28, 2005, the date the Motion to Intervene was heard, which was a month after the will contest had been dismissed.

Although the case had been dismissed a month earlier, the trial court conducted a hearing on Alton Brown's Motion to Intervene. At the conclusion of the hearing, the trial court denied the

---

[2]The trial court also made the finding that Alton Brown could not decide whether he wanted to support the will or contest the will, referring to the fact that he had previously considered testifying on behalf of Allene Dunnagan in the will contest.

motion finding Alton Brown had "slept on his rights." Considering the foregoing, we find the trial court did not abuse its discretion by denying Alton Brown's Motion to Intervene.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Alton E. Brown.

_____
FRANK G. CLEMENT, JR., JUDGE